UNITED STATES DISTRICT COURT

DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | CRIMINAL NO. CR 07 143S |
| | : | |
| | : | Violations: |
| v. | : | |
| | : | 18 U.S.C. §1344 (Bank Fraud) |
| MICHAEL P. TATRO | : | |
| | : | 26 U.S.C. § 7206(1) (Making and Subscribing a False Tax Return) |

FILED
NOV 1 3 2007
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

**INFORMATION**

The United States Attorney Charges:

**COUNT ONE**
(Bank Fraud)

1. That at all times relevant to this information **MICHAEL P. TATRO**, defendant herein, was married and resided in Cumberland, Rhode Island with his spouse.

2. During tax years 2002 and 2003, **MICHAEL P. TATRO** was employed by Thielsch Engineering in Cranston, Rhode Island and received income in the form of salary.

3. At times relevant to this information, **MICHAEL P. TATRO** submitted false expense reports which requested reimbursement from Thielsch Engineering for expenses which were never incurred. As a result, in 2002 and 2003, **MICHAEL P. TATRO** also received income in the form of reimbursement checks from Thielsch Engineering which were negotiated through banks accounts under **TATRO**'s control.

4. At times relevant to this information, **MICHAEL P. TATRO** received income from one of Thielsch Engineering's customers

located in Hong Kong by fraudulently causing the customer to make payments to **MICHAEL P. TATRO**'s nominee entity, Aggressive Energy Management, rather than to Thielsch Engineering.

5. At times relevant to this information, **MICHAEL P. TATRO** also received income by creating counterfeit checks, causing them to be negotiated through bank accounts under **TATRO**'s control, and obtaining all or a portion of the proceeds.

6. At times relevant to this information **MICHAEL P. TATRO** controlled and used bank accounts--in his own name as well as the names of family members and nominee entities--at the following financial institutions, as defined in Title 18, United States Code, Section 20, the deposits of which were insured by the Federal Deposit Insurance Corporation at all relevant times:

| Bank | Account Number | Name(s) on Account |
|---|---|---|
| Citizens Bank | XXXX-318-8 | K. P.-Tatro and Michael P. Tatro |
| Citizens Bank | XXXX-331-3 | P. E. Tatro D/B/A Aggressive Energy Management Service |
| Citizens Bank | XXXX-005-8 | P. E. Tatro D/B/A Energy Solutions International |
| Domestic Bank | XXXX06 | Michael P. Tatro D/B/A Continental Buss Services |
| Domestic Bank | XXXX08 | P. E. Tatro D/B/A Energy Management Systems. |

7. From on or about May 2002 through September 2003, in the District of Rhode Island, **MICHAEL P. TATRO** knowingly devised and executed a scheme and artifice to defraud Citizens Bank, and to obtain money, funds, credits and assets owned by or under the custody and control of Citizens Bank by means of materially false and fraudulent pretenses, representations, and promises.

8. It was part of the scheme and artifice to defraud that, at **MICHAEL P. TATRO**'s direction, a Citizens Bank account (number XXXX-331-3) was opened in the name of P. E. Tatro D/B/A Aggressive Energy Management Service on or about May 7, 2002 (hereinafter the "AEM" account).

9. It was part of the scheme and artifice to defraud that **MICHAEL P. TATRO** created a counterfeit check made payable to Aggressive Energy Management in the amount of $2,978.45, bearing check number 1145786, dated February 4, 2003, purportedly drawn on an account at First Union National Bank in Fredricksbrg [sic], VA, and caused it to be deposited into the "AEM" account on or about February 6, 2003.

10. It was part of the scheme and artifice to defraud that on February 10, 2003, five withdrawals totaling $2,201.50 were made via Automatic Teller Machine transactions from the "AEM" account.

11. It was part of the scheme and artifice to defraud that **MICHAEL P. TATRO** created a counterfeit check made payable to Aggressive Energy Management in the amount of $142,568.32, bearing

check number 1145790, dated March 26, 2003, purportedly drawn on an account at Fleet Bank of Maine in Potland [sic], ME, and caused it to be deposited into the "AEM" account on or about March 28, 2003.

12. It was part of the scheme and artifice to defraud that **MICHAEL P. TATRO** caused two checks drawn on the "AEM" account to be negotiated on or about March 29, 2003: check number 153 made payable to "CASH" in the amount of $2,500.00 and check number 154 made payable to "CASH" in the amount of $44,600.00.

13. It was part of the scheme and artifice to defraud that on or about March 29, 2003, **MICHAEL P. TATRO** directed the purchase of Official Check number XXXX13405-0 from Citizens Bank in the amount of $44,600.00.

14. It was part of the scheme and artifice to defraud that on or about March 30, 2003 **MICHAEL P. TATRO** caused Citizens Bank Official Check number XXXX13405-0 in the amount of $44,600.00 to be deposited into Citizens Bank account number XXXX-318-8 in the names of Michael P. Tatro and K. P.-Tatro (hereinafter "personal account").

15. It was part of the scheme and artifice to defraud that on or about April 3, 2003 **MICHAEL P. TATRO** cashed two checks drawn on **TATRO's** personal account: check number 157 in the amount of $3,000.00 made payable to "Cash," and check number 159 in the amount of $11,400.00 made payable to Michael Tatro.

16. It was part of the scheme and artifice to defraud that,

**MICHAEL P. TATRO** opened account number XXXX06 at Domestic Bank in the name of MICHAEL P. TATRO D/B/A Continental Buss Services on or about September 15, 2003.

17. It was part of the scheme and artifice to defraud that **MICHAEL P. TATRO** created a counterfeit check in the amount of $4,587.23, bearing check number 743, dated September 16, 2003, purportedly drawn on Domestic Bank account number 02000006 [sic] in the name of Continental Business Services, and caused it to be deposited into **TATRO's** personal account.

18. It was part of the scheme and artifice to defraud that on or about September 17, 2003 **MICHAEL P. TATRO** cashed two checks drawn on **TATRO**'s personal account: check number 709 in the amount of $3,500.00, and check number 711 in the amount of $854.79, both made payable to "Cash".

19. As a result of this scheme and artifice to defraud Citizens Bank, the bank sustained a loss.

All in violation of Title 18, United States Code, Section 1344.

**COUNT TWO**

20. Paragraphs 1-6 are re-alleged and incorporated herein:

21. On or about April 15, 2003, in the District of Rhode Island and elsewhere, defendant **MICHAEL P. TATRO**, a resident of Cumberland, Rhode Island, did willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for the tax year 2002 which was verified by declaration that it was made under the penalties of perjury and was filed with the Internal Revenue Service, which said tax return he did not believe to be true and correct as to every material matter in that the said tax return reported a filing status "Single" and a total income of $77,944.00, whereas the defendant then and there well knew and believed that he was not entitled to claim such filing status and that his income was substantially in excess of that amount.

All in violation of Title 26, United States Code, Section 7206(1).

UNITED STATES OF AMERICA

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

ANTHONY KAPLAN
SUPERVISORY ASSISTANT U. S. ATTORNEY

Anastasia E. King
ANASTASIA E. KING
ASSISTANT UNITED STATES ATTORNEY